IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEREK BEHRENS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KILLION AND SONS WELL SERVICE, ) <br> INC., A Corporation ) <br> ) <br> Defendant. ) | Civil Action No. <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

AND NOW, comes the Plaintiff, Derek Behrens ("Plaintiff"), by and through his attorneys, Samuel J. Pasquarelli, Esquire and Sherrard, German & Kelly, P.C. and files this Complaint against Killion and Sons Well Service, Inc. ("Defendant"), averring in support thereof the following:

### I. INTRODUCTION

1. This is a proceeding seeking damages against Defendant Killion & Sons Well Service, Inc. ("Defendant") and all other available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*

## II. JURISDICTION AND VENUE

2. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367 and venue is proper under 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an individual now residing at 923 Lynn Portal Road, Washington, Washington County, Pennsylvania. At all times relevant to this matter, the Plaintiff was an employee of the Defendant and he was employed in the Western District of Pennsylvania while employed by the Defendant.

4. The Plaintiff is an employee covered by the FLSA and the PMWA.

5. The Defendant is a corporate entity headquartered in Palestine, TX and maintaining a local office in Houston, Washington County, Pennsylvania.

6. The Defendant is an employer covered by the FLSA and the PMWA.

## FACTS

7. The Defendant provides a variety of on-site services at gas and oil drilling sites in the Western District of Pennsylvania, including Washington County, Pennsylvania, consisting in part of testing and monitoring of gas and oil wells, pumping services, flow back services, and maintaining on-site production equipment.

8. During the period relevant to this lawsuit, the Defendant has employed over 70 individuals at gas and oil drilling sites in Pennsylvania and elsewhere, including the Western District of Pennsylvania. These individuals are referred to as "field employees."

9. Plaintiff was first employed by Defendant as a field employee in the Western District of Pennsylvania commencing in February of 2011 and he is remained continuously employed by the Defendant into February of 2016.

10. Plaintiff and other field employees are paid on a daily basis. Plaintiff was hired at the rate of $300 per day.

11. The Plaintiff's fixed work schedule was 9 consecutive days of 12-hour shifts followed by 3 consecutive days off during a work week which commenced at 12:01 AM on Monday and which ended at 11:59 PM on Sunday. As a result, Plaintiff consistently worked over 40 hours per week.

12. Plaintiff is entitled by federal and state law to overtime compensation at the rate of 1.5 times the regular rate of pay for hours worked over 40 per week.

13. The Defendant has failed to pay the Plaintiff the required overtime compensation for hours worked in excess of 40 per work week in those work weeks when he worked in excess of 40 hours in that the Defendant has failed to calculate the Plaintiff's weekly pay in accordance with the requirement that all hours worked by the Plaintiff in excess of 40 per work week are to be paid for at a rate of 1.5 times the hourly rate due to him for the first 40 hours of work in the work week.

14. The Defendant generated payroll records and pay stubs purporting to show that the Defendant paid the Plaintiff at an agreed hourly rate for the first 40 hours of the work week and that the Defendant paid the Plaintiff at an hourly rate of 1.5 times the agreed hourly rate for all hours worked in excess of 40 in a work week when in fact the Defendant paid the Plaintiff at a flat per diem rate for the work week that did not include payment for hours of work in excess of 40 in a work week at the legally required overtime rate of pay.

15. The conduct of the Defendant as described above was done willfully and in an intentional and reckless disregard of applicable legal requirements, with the intention of avoiding

the payment of overtime compensation for hours worked in excess of 40 in a work week. As such, said conduct was a willful violation of the FLSA and the PMWA.

## COUNT I
## (Violations of the FLSA)

16. All of the foregoing paragraphs of this Complaint are incorporated herein as though fully set forth herein.

17. The FLSA requires that employees receive overtime premium compensation not less than one and one-half times" the regular pay rate for hours worked over 40 per work week.

18. The Defendant violated the FLSA by failing to pay the Plaintiff the overtime premium for hours worked over 40 per work week.

19. In so doing, the Defendant acted willfully and intentionally and in reckless disregard of the provisions of the FLSA.

## COUNT II
## (Violations of the PMWA)

20. All of the foregoing paragraphs of this Complaint are incorporated herein as though fully set forth herein.

21. The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per work week. The Defendant violated the PMWA by failing to pay Plaintiff the aforesaid overtime premium for hours worked over 40 per work week.

### III. JURY DEMAND

22. Plaintiff demands a trial by jury of all issues in this action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

Payment to him of all unpaid wages, including overtime wage payment, as required by federal and state law;

Payment to him of all interest and liquidated damages as permitted under the FLSA and the PMWA;

Payment to him of all litigation costs, expenses, and attorneys' fees as permitted under federal and state law; and

All such other and further relief as this Court deems just and proper.

Respectfully submitted,

SHERRARD, GERMAN & KELLY, P.C.

/s/ Samuel J. Pasquarelli
Samuel J. Pasquarelli, Esquire
PA ID #00906
535 Smithfield Street
Suite 300
Pittsburgh, PA 15222
(412) 355-0200
sjp@sgkpc.com
Attorneys for Plaintiff